1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11   CARLOS CUMPLIDO,                   )   Case No. CV 12-3071-DSF (DTB)
                                        )
12                   Petitioner,        )
                     vs.                )   ORDER TO SHOW CAUSE
13                                      )
     FRED FOULK, Acting                 )
14   Warden,[1]                         )
                                        )
15                   Respondent.        )
16   _____       )

17         On April 9, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a

18   Person in State Custody ("Pet.") herein, accompanied by a supporting Memorandum

19   ("Pet. Mem.").  The Petition purports to be directed to his 2009 conviction for ten

20   counts of second degree robbery, one count of attempted robbery, seven counts of

21   felon in possession of a firearm, and one count of assault with a deadly weapon.  In

22   his Petition, petitioner appears to be alleging, *inter alia*, that his trial counsel was

23   ineffective in failing to object at trial to an allegedly "inflamatory [sic] statement

24   / / /

25

26         [1]      Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Fred
     Foulk, the Acting Warden of High Desert State Prison, in Susanville, California,
27   where petitioner currently is incarcerated, is hereby substituted as the proper
28   respondent in this case.

1

[made] by the prosecutor" regarding his criminal history during the Grand Jury proceedings. (Pet. Mem. at 3.)

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[2] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam). However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue sua

---

[2]     The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1  sponte.  See Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 (9th Cir.
2  1992) (as amended).

3      Here, it appears from the face of the Petition that petitioner did not exhaust his
4  state remedies with respect to his claim directed at the prosecutor's allegedly
5  improper statements.  As explained, petitioner appears to be alleging that his trial
6  counsel was ineffective for failing to object and/or file a motion at trial based on an
7  allegedly inflammatory statement made by the prosecutor during the Grand Jury
8  proceedings.  However, petitioner did not attempt to seek relief on this claim in the
9  California Supreme Court.  Petitioner did not file a Petition for Review in the
10  California Supreme Court and petitioner's habeas petition in the California Supreme
11  Court did not raise a claim similar to the one alleged in the Petition herein.[3]

12      Accordingly, petitioner's inclusion of this claim in the Petition renders the
13  Petition a "mixed petition" containing both exhausted and unexhausted claims.  If it
14  were clear that the California Supreme Court would hold that petitioner's
15  unexhausted claim directed to the Grand Jury proceedings was procedurally barred
16  under state law, then the exhaustion requirement would be satisfied.[4]  See Castille v.
17  Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson,

18
19      [3]    Although petitioner indicates in the writ of habeas corpus form that he
20  did file a Petition for Review, a review of the California Supreme Court's website
21  indicates that he did not file such a petition, and the case number referenced in the
22  form corresponds to the state habeas petition filed in the California Supreme Court.

23      [4]    In that event, although the exhaustion impediment to consideration of
24  petitioner's claim on its merits would be removed, federal habeas review of the claim
25  would still be barred unless petitioner could demonstrate "cause" for the default and
26  "actual prejudice" as a result of the alleged violation of federal law, or demonstrate
27  that failure to consider the claim would result in a "fundamental miscarriage of
28  justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed.
   2d 640 (1991), modified by Martinez v. Ryan, 566 U.S. –, 132 S. Ct. 1309, 182 L. Ed.
   2d 272 (2012).

1   88 F.3d at 831.  However, it is not "clear" here that the California Supreme Court will

2   hold that petitioner's unexhausted claim is procedurally barred under state law.  See,

3   e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373 (1993) (granting habeas

4   relief where petitioner claiming sentencing error, even though the alleged sentencing

5   error was raised and rejected on direct appeal); People v. Sorensen, 111 Cal. App. 2d

6   404, 405 (1952) (noting that claims that fundamental constitutional rights have been

7   violated may be raised by state habeas petition).  The Court therefore concludes that

8   this is not an appropriate case for invocation of either "exception" cited above to the

9   requirement that a petitioner's federal claims must first be fairly presented to and

10   disposed of on the merits by the state's highest court.

11          Under the total exhaustion rule, if even one of the claims being alleged by a

12   habeas petitioner is unexhausted, the petition must be dismissed.  See Rose , 455 U.S.

13   at 522; see also Coleman, 501 U.S. at 731; Castille, 489 U.S. at 349.  However, the

14   Supreme Court held that, in certain "limited circumstances," a district court may stay

15   a mixed petition and hold it in abeyance while the petitioner returns to state court to

16   exhaust his unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct.

17   1528, 161 L. Ed. 2d 440 (2005) (holding "stay and abeyance is only appropriate when

18   the district court determines there was good cause for the petitioner's failure to

19   exhaust his claims first in state court").  Under Rhines, the prerequisites for obtaining

20   a stay while the petitioner exhausts his state remedies are: (a) that the petitioner show

21   good cause for his failure to exhaust his claims first in state court; (b) that the

22   unexhausted claims not be "plainly meritless"; and (c) that petitioner not have

23   engaged in "abusive litigation tactics or intentional delay."  See id. at 277-78.  Here,

24   petitioner has not requested a stay and abeyance for purposes of exhausting the claim

25   at issue, nor has he attempted to make the necessary showing of good cause for his

26   failure to exhaust this claim.

27   / / /

28   / / /

4

1    IT THEREFORE IS ORDERED that, on or before **September 4, 2013**,

2  petitioner either file a stay-and-abeyance application (if he believes he can make the

3  requisite showings) or show cause in writing, if any he has, why the Court should not

4  recommend that this action be dismissed without prejudice for failure to exhaust state

5  remedies unless petitioner withdraws his unexhausted claim.[5]

6

7  DATED: August 8, 2013

8

9  _____

10  DAVID T. BRISTOW
   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16  _____

      [5]    Petitioner may also seek a stay and abeyance pursuant to the procedure
17  set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled
18  on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), whereby the
   Court has discretion to stay and hold in abeyance a fully exhausted petition in order
19  to provide the petitioner with the opportunity to proceed to state court to exhaust his
20  unexhausted claims. Then, once the claims have been exhausted in state court, the
   petitioner may return to federal court and amend his federal petition to include the
21  newly-exhausted claims. See id. at 1070-71; see also King v. Ryan, 564 F.3d 1133,
22  1140-43 (9th Cir. 2009); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005); James
23  v. Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2001); Anthony v. Cambra, 236 F.3d 568,
   575 (9th Cir. 2000).  However, the procedure in Kelly requires the petitioner to
24  dismiss any unexhausted claims from the pending petition while he exhausts such
25  claims in state court.  See King, 564 F.3d at 1140.  Once they are exhausted,
26  petitioner then seeks to amend the petition with the newly exhausted claims. The new
   claims will only be eligible for amendment if they are timely or if the new claims
27  share a common core of operative facts with the claims in the pending petition.  Id.
28  at 1140-41.

5